AO 93 (Rev. 11/13) Search and Seizure Warrant

FILED
JUN 05 2018
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N.C.
By

# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
THE PREMISES LOCATED AT: 1105 Short Street, Salisbury, NC 28144

Case No. 1:18 MJ 152

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Middle District of North Carolina
*(identify the person or describe the property to be searched and give its location)*:

THE PREMISES LOCATED AT: 1105 Short Street, Salisbury, NC 28144, as further described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Evidence, fruits, and instrumentalities of violations of 7 USC 2156 (animal fighting) and 18 USC 371 (conspiracy), as further described in Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before June 19, 2018 *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Joi Elizabeth Peake.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _______________.

Date and time issued: June 5, 2018 11:00am

*Judge's signature*

City and state: Winston-Salem, NC

Joi Elizabeth Peake, United States Magistrate Judge
*Printed name and title*

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ____________________

____________________________________
*Executing officer's signature*

____________________________________
*Printed name and title*

ATTACHMENT A

PREMISES TO BE SEARCHED

1105 SHORT ST. SALISBURY, NORTH CAROLINA 28144

**Subject Premises A**







1105 Short St. is a single-family detached residence with white siding and a brown shingled roof. The front door faces East towards Short St. The residence has a chain link fence around the front yard that extends north and to the rear of the house. The drive is located to the south of the house. The cross streets are Bost St. to the south and N. Shaver St. to the north. The area to be searched includes the entire residence, curtilage, and any outbuildings, as well as any vehicles registered to Kelo McCain which are located on the property or curtilage.

ATTACHMENT B – ITEMS TO BE SEIZED

The following items are to be seized for the time period from January 1, 2014 to the present. Evidence, fruits, and instrumentalities of violations of 7 U.S.C. § 2156 and 18 U.S.C. § 371 in the form of the following:

1. All live or dead dogs, including puppies born or unborn;
2. Other animals capable of being used in the dog fighting training process;
3. All dog fighting paraphernalia, including: treadmills, jenny mills, exercise wheels, hides or other material used as hanging devices to strengthen or condition dogs; collars, leashes, chains, and other devices capable of being used to exercise or restrain fighting dogs; wooden sticks or handles capable of being used to pry open dogs' jaws; breeding stands; weight scales; and any washtubs, buckets, pails, and sponges capable of being used to wash dogs;
4. Any books, magazines, photographs, film, videotapes, or writings that contain material that depicts or promotes dog fighting or training;
5. Any awards, trophies, plaques, or ribbons promoting or relating to dog fighting;
6. Any film, video or audio recordings, memory cards, or other storage devices capable of recording dog fighting activity, specifically with respect to these devices, any such video and audio recordings which are related to dog fighting activity;
7. Animal carrying cases, pens, chains, or leads;
8. Antibiotics, drugs, or vitamins capable of being used to treat injured dogs or to enhance their performance; needles and syringes capable of being used for the administration of such drugs; suture or surgical staple kits and other veterinary supplies; commercial dog food;
9. Registration papers or other materials (written or otherwise) showing ownership or transfer of dogs, including bills of sale, pedigrees, breeding records, transport documents, shipping records, certificates, receipts, and veterinary records;

10. United States Currency;

11. Any documents and records of financial accounts or transactions related to payment for or proceeds from or related to dogs, including account statements, deposits, withdrawals, checks, debits, wire transfers, or other documents;

12. Any dog fighting records, including names and telephone numbers of persons suspected of being dog fighters; any rules, contracts, training logs, breeding records or other written agreements concerning the fighting of dogs;

13. Any constructed enclosures or components of any pits or enclosures capable of being used for the purpose of dog fighting, training dogs for fighting, or housing dogs intended to be used for fighting, including any carpeting or other materials used on the floor or walls of such enclosures;

14. Any dog or other animal carcasses located or buried on the property, or parts or skins thereof;

15. Any flooring or wall components displaying evidence of blood, fur, or other animal matter;

16. Any utensils or weapons capable of being utilized in the killing of animals, to include ropes, wire, guns, rifles, spent shotgun shells, spent bullet cartridges; buckets, barrels, or other devices capable of being used to drown dogs; baseball bats, metal pipes, batteries, electrical wires and clips, knives; and barrels, flammable substances, and other items capable of being used to burn live or dead dogs;

17. Devices capable of being used to deter barking in dogs, including collars, sprays, and sonic emitters;

18. Deposits of blood, fur, or other animal matter located on the property;

19. Material (e.g., from buccal (cheek) swabs) for DNA determination from all live dogs for purposes of comparison with other blood/tissue evidence;

20. Any and all materials reflecting the destruction of evidence at that location, including destroyed, damaged, or tampered with documents, flooring, wall components, or other structures;

21. Soil, blood, fur, animal skins and vegetation from the property to be used for forensic testing;

22. For any electronic storage media whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant:

    a. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the electronic storage media, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

    d. evidence of the attachment to the electronic storage media of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

    f. evidence of the times the electronic storage media was used;

g. passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

h. documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

i. records of or information about Internet Protocol addresses used by the electronic storage media, as relates to dog fighting activity;

j. records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses, as relates to dog fighting activity;

k. contextual information necessary to understand the evidence described in this attachment.

23. In order to search for the items described above that may be maintained in electronic storage media, and which may constitute evidence regarding dog fighting activity or possession of animals for purposes of dog fighting activity, law enforcement personnel are authorized to search, copy, image and seize the following items for off-site review:

a. any electronic storage media capable of storing the items described above which constitute evidence of dog fighting activity or possession of animals for purposes of dog fighting activity;

b. any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the electronic storage media; and

c. such authorization to search extends to the cellular telephone with telephone number (704) 431-8088; other cellular telephones or mobile devices may be copied, imaged,

and/or seized, but must be the subject of a separate search warrant to be searched (with the exception of the cellular telephone with telephone number (704) 431-8088).